GENEVA THEATERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23518.   Promulgated March 25, 1929.

*William Cogger, Esq.*, for the petitioner.
*Harry LeRoy Jones, Esq.*, for the respondent.

OPINION.

Murdock: In *Belvidere Lumber Co.*, 6 B. T. A. 84, we held in part as follows:

Section 240 (a) of the Revenue Act of 1921, provides that corporations which are affiliated within the meaning of that section, may, for any taxable year beginning on or after January 1, 1922, make a separate return, or, under regulations prescribed by the Commissioner, make a consolidated return. The statute, thus, in the case of affiliated corporations, provides two ways in which returns may be filed. Either return is a correct and proper return, but the return that is filed is the only return recognized by law and upon which the taxes due thereunder shall be computed and determined.

In that case we denied the right of the petitioner to file a consolidated return after it had once filed a separate return. The facts in the present case are similar and, following the principles laid down in the above mentioned case, we now hold against the petitioner and in favor of the Commissioner on this point. See also *Grant* v. *Rose*, 24 Fed. (2d) 115; *Alameda Investment Co.* v. *McLaughlin*, 28 Fed. (2d) 81. We need not mention other reasons why we could not change the Commissioner's determination on such an allegation of error and the proof offered.

The petitioner, by amendment at the time of the hearing, alleged an additional error to the effect that the Commissioner had not allowed a proper deduction for the exhaustion of a lease. Counsel for the respondent denied that proper allowance for exhaustion of the lease was disallowed by the Commissioner. The petitioner has failed to show what the Commissioner did in regard to the exhaustion of this lease in his determination of the deficiency. The petitioner's contention that $30,000 representing the cost of the petitioner's stock to the Associated Theaters, Inc., on October 31, 1922, should be spread over the then remaining life of the lease is incorrect. The lease was not offered in evidence nor was there any testimony in regard to the provision of renewal. In this state of the record we will not disturb the Commissioner's determination.

*Judgment will be entered for the respondent.*